JOHN H. COOPER v. INTER-OCEAN CASUALTY CO.

Eastern Section.   February 23, 1929.

Petition for Certiorari denied by Supreme Court, May 25, 1929.

John F. Scott, of Knoxville, for plaintiff in error.
Chas. H. Smith, of Knoxville, for defendant in error.

SENTER, J.   For convenience the parties will be referred to as in the court below, John H. Cooper, plaintiff, and Inter-Ocean Casualty Co., defendant.

This suit was instituted before a Justice of the Peace for Knox county to recover from the defendant the sum of $181.25, alleged to

be due plaintiff from the defendant as indemnity for disability on account of sickness, under a health and accident insurance policy issued to plaintiff by defendant on February 21, 1927, and alleged by plaintiff to be in full force and effect during the period of disability of plaintiff. Judgment was rendered by the Justice of the Peace in favor of plaintiff and against the defendant for the sum of $181.25 and the costs. From this judgment the defendant appealed to the circuit court of Knox county, where the case was tried before the Circuit Judge without the intervention of a jury, and judgment rendered in favor of plaintiff and against the defendant for the sum of $22 and the costs of the cause. Plaintiff filed a motion for a new trial on the grounds that the judgment for $22 was inadequate and no evidence to support a judgment for that amount, and that the judgment should have been for the sum of $181.25. The motion for a new trial was overruled, and from this action of the court the plaintiff has appealed to this court, and has assigned errors.

Under the first assignment of error it is said that there is no evidence in the record that defendant was indebted to the plaintiff in the sum of $22, or in any sum except $145 sickness indemnity and $36.25 as penalty for refusing payment in bad faith; (2) that it was error of the court in not rendering judgment for $145 indemnity and $36.25 penalty, totaling $181.25; and (3) that the proof preponderated in favor of judgment for $181.25.

Under the several assignments of error it is the contention of appellant that under the provisions of the policy he is entitled to receive indemnity at the rate of $50 monthly, and that the period of disability from sickness covered by the policy at the rate of $50 per month amounted to $145, covering eighty-seven days; that the defendant was justly liable to plaintiff for that amount, and wilfully refused to pay the same, which entitled plaintiff to recover in addition the twenty-five per cent statutory penalty.

The policy sued on was issued upon the application of plaintiff for insurance. This application is endorsed upon and made a part of the policy issued by the defendant to the plaintiff and upon which the suit is based. In the thirteenth paragraph of the application is contained the following statement:

"13. I have made the foregoing statements as representations to induce the issuance of the policy for which I have made application and to that end I agree that if any one or more of them be false all right to recover under said policy shall be forfeited to the company, if such false statement was made with actual intent to deceive or if it materially affects either the acceptance of the risk or the hazard assumed by the company."

The tenth question in the application signed by plaintiff, and the answer thereto, is as follows:

"10. I have no other accident or health insurance, except as herein stated.

"A: No."

Sections (b) and (d) of the twelfth question in the application and the answers thereto, are as follows:

"12. (b) Have you now, or have you had during the past two years any local or constitutional disease.

"(Ans.) No.

"12. (d) What was your last illness for which you received medical attention, and when?

"(Ans.) Flu—1926."

In the court below and in this court the defendant insurance company relied upon the following defenses: (1) That the policy issued the plaintiff insured the plaintiff against a disability resulting from sickness which is contracted and begins during the life of the policy, and that the plaintiff did not contract the illness resulting in his disability after the policy was issued but that the disability resulted from an illness which he had contracted and from which he was suffering previous to the time of the issuance of the policy, February 21, 1927, and from which he continued to suffer until he was disabled on April 2, 1927. (2) That the plaintiff's answer to question 12 (b) that he did not then and had not during the past two years had any local or constitutional disease, was false in that in September, 1926, and succeeding months, the plaintiff had suffered from toxic labyrinthitis, a disease similar to auto-intoxication; and that plaintiff was suffering from this disease at and before the time he made application for the policy of insurance which was issued to him, and that he continued to suffer from it, and that it was this disease which resulted in his disability on April 2, 1927; (3) that the plaintiff's answer to Question 12 (d) that flu in 1926 was the last illness for which he had received medical attention was false, that as a matter of fact plaintiff was suffering from toxic labyrinthitis in September and succeeding months of 1926 and 1927, and for which he received medical treatment beginning in September, 1926, from three doctors; and (4) that plaintiff's answer to Question 10 in the application, that he had no other accident or health insurance was false, and that at the time he made application, and for some years prior thereto, he had accident or health insurance in the Brotherhood of Railway Trainmen, and in the Railway Employees Mutual Relief Society.

The plaintiff denied that he wilfully made any false statements in the application which he signed for the issuance of the policy. He admitted that some time prior to the time that he made the

application for the insurance policy sued on he had suffered from the disease of toxic labyrinthitis, but that he had fully recovered from that disease and was in good health at the time he made the application for the insurance policy sued on. He stated that the disease was caused by the same condition that would produce auto-intoxication, but that it was a disease that could be and was cured by proper treatment, and that he had fully recovered from that disease. He further contended that he made full disclosure of this fact to the agent of the defendant who solicited his application for insurance, and that his answer was made in accordance with the suggestion of the agent soliciting the insurance that since he had not received any indemnity from any company on account of that illness, but had been treated for a case of influenza, that it was only necessary to state in the application that he had been treated for influenza in 1926. He admitted that he had a small benefit policy in a railroad benefit association, and that he so stated the fact to the soliciting agent, and that he thought that the agent wrote it into the application.

There was a considerable conflict in the evidence, and the trial judge sitting without a jury determined the issues adversely to the contention of plaintiff, and rendered a judgment for only $22.

It does not appear definitely from the record upon what the $22 judgment was based, but we think it fairly inferable that the judgment represented the amount of premiums which the plaintiff had paid to the defendant on the policy. The plaintiff would have been entitled to recover this amount if the trial judge found that the illness resulting in his disability began before the policy was issued and continued, resulting in the disability of plaintiff and that his failure to disclose this condition would operate to void the policy and relieve the defendant from liability.

Appellant contends that notice to the soliciting agent of the defendant, and a full disclosure of his condition to the agent, is notice to the insurance company, and that he should not therefore be held bound by any inaccurate answers contained in the application signed by him.

This contention could proceed alone upon the assumption that a full disclosure was made to the soliciting agent, and accurate and truthful answers made to the questions. The soliciting agent testified that he did not know of the nature of the illness with which appellant had previously been afflicted, and denied that appellant informed him of the previous illness.

This case was tried without the intervention of a jury by the Circuit Judge, and there was no request by appellant for a written finding of the facts. Under the settled rule in this state, if there is any material evidence to support the judgment of the trial court

the judgment must be affirmed. This court is not called upon to determine the preponderance of the evidence on any issue of fact. We can only look to the record to ascertain if there is any evidence upon which the judgment could be based. If there is, the judgment must be affirmed.

We find that there is a decided conflict in the evidence on the question as to whether the illness upon which the claim is based in this suit began before the policy was issued or the application signed, and continued until the illness complained of. We also find that there is a conflict in the evidence as to whether the appellant made full disclosure of his condition to the soliciting agent at the time the application for insurance was made. We find that there is abundant evidence in the record to support the judgment, and only allowing a recovery for the amount of premiums paid. At the conclusion of the evidence the trial judge inquired of counsel the amount of premiums paid and was informed that $22 had been paid in premiums on the policy. The trial judge disallowed the claim for indemnity under the policy, but did allow a recovery for the amount of premiums paid and the costs.

We find no error, and the judgment is accordingly affirmed. Appellant and sureties on the appeal bond will pay the cost of this appeal.

Owen and Heiskell, JJ., concur.